NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1631
_____

DENNIS PIERETTI,
                        Appellant

v.

DENT ENTERPRISES; KEVIN DENT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cv-02179)
District Judge:  Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2013

BEFORE:  HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Filed: January 31, 2014)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Dennis Pieretti appeals the District Court's grant of summary judgment in favor of Dent Enterprises.[1]  Pieretti claims that Dentco failed to pay him overtime, in violation of the Pennsylvania Minimum Wage Act (43 Pa. Cons. Stat. § 333.101-333.115) and the Pennsylvania Wage Payment and Collection Law (43 Pa. Cons. Stat. § 260.1-260.12).  He also claims a breach of contract.  We will affirm.

This opinion lacks any precedential value and so we write solely for the parties, whose familiarity with the case obviates the need for a full recitation of the facts and procedural history.  We exercise plenary review.  *Gwynn v. City of Philadelphia*, 719 F.3d 295, 299 (3d Cir. 2013).

We reject Pieretti's claim that the District Court burdened him with proving that his position was not exempt from statutory requirements for overtime pay.  In asserting its affirmative defense, Dentco relied upon Pieretti's testimony to substantiate its argument that his Quality Assurance Manager position fit within the Minimum Wage Act's administrative exemption.  *See* 43 Pa. Cons. Stat. § 333.105(a)(5).  The District Court's reference to this evidence at summary judgment in no way shifted the burden of proof to Pieretti.

Next, we are not persuaded that Pieretti's occasional performance of a few labor-oriented tasks—such as occasionally clipping a few stray weeds to enhance his photographic report of the subcontractors' landscaping work—created a factual dispute on whether the administrative exemption applied to his job with Dentco.  In each instance, Pieretti admitted that these tasks were done in the context of his evaluative and

---

[1] Pieretti does not contest the District Court's grant of Kevin Dent's motion to dismiss.

reporting responsibilities on the work done by subcontractors. As a result, these tasks were "directly and closely related" to the performance of his administrative job (34 Pa. Code §231.83(4)), and did not create a need for Dentco to quantify the time spent on them. We do not find any factual disputes.

Regarding Pieretti's remaining Minimum Wage Act claim, the characterization of his position as "production" and his minimization of the independent discretion it involved were futile attempts to recast his job. The District Court's grant of summary judgment in favor of Dentco was based upon its consideration of the responsibilities comprising his job, such as: recommending subcontractors, on-site evaluation of subcontractor work, recommending corrective action or termination for poor performance of subcontractors, and managing business relationships with customers. It also considered Pieretti's autonomy in setting his schedule and in determining the composition of his work day. The District Court did not err.

Finally, Pieretti's breach of contract and WPCL claims lack merit. The District Court correctly ruled that Pieretti failed to produce any evidence of Dentco's contractual obligation to pay overtime wages and that, in the absence of such a contract, the WPCL provides no independent right for Pieretti to sue. Accordingly, the District Court properly dismissed both claims.

For all of these reasons, we will affirm the order of the District Court.

3